Imre LOWY and Esther Lowy,
Plaintiffs–Appellees,

v.

BAY TERRACE COOPERATIVE
SECTION VIII, INC.,
Defendant–Appellant.

No. 489, Docket 88–7603.

United States Court of Appeals,
Second Circuit.

Argued Jan. 23, 1989.

Decided March 1, 1989.

Seymour D. Reich, New York City (Alan M. Goldberg, Dreyer and Traub, New York City, of counsel), for appellant.

Nicholas R. Doman, New York City, for appellees.

Before MESKILL, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

This is an appeal from a declaratory judgment entered in the United States District Court for the Eastern District of New York, Dearie, J. The district court granted partial summary judgment for plaintiffs-appellees Imre and Esther Lowy and partial summary judgment for defendant-appellant Bay Terrace Cooperative Section VIII, Inc. (the Co-op). The court ordered entry of a declaratory judgment pursuant to Fed.R. Civ.P. 57, and defendant-appellant appeals from that judgment.

We affirm.

Imre and Esther Lowy, the owners of shares of stock in the Co-op, a cooperative apartment building, sought a declaration of their rights concerning their planned sale of their shares.

Under the Co-op's by-laws and occupancy agreements, the Co-op reserves to itself the waivable option to repurchase the shares of shareholders wishing to sell their stock. The controversy here arises from the existence of two distinct resale policies adopted by the Board of Directors of the Co-op, one in 1974 and the other in 1976. Faced with the Lowys' desire to sell, the Co-op has taken the position that any sale by the Lowys of their shares must be governed by the 1974 resale policy. Under this policy, shareholders wishing to sell would be required to surrender their shares to the Co-op, which would in turn sell them to a third party. The selling shareholders would then receive a percentage of the profit from the sale, ranging from zero to forty percent, depending on how long the sellers had owned the stock. See J.App. at 68–70. The Co-op argues that this policy applies to the Lowys as sellers who purchased their shares between February 1, 1974 and December 1, 1976.

Under the terms of the 1976 resale policy, a shareholder wishing to sell could request from the Co-op a "waiver of option to purchase." If the Co-op were to agree to waive its option to purchase, the selling shareholder would have to pay a waiver of option fee (currently $35 per share) which then permits the shareholder to sell the stock on the open market. See J.App. at 79–80. The Co-op argues that this policy is applicable to all shareholders other than those who purchased between February 1, 1974 and December 1, 1976.

The Lowys' complaint sought a judgment declaring that both the 1974 and 1976 policies were invalid, and that neither could be applied to the sale of their shares. Furthermore, the Lowys argued that the Co-op could not exercise its option to buy the Lowys' shares nor could it require the payment of any waiver of option fee.

The district court, in a Memorandum Decision and Order, *Lowy v. Bay Terrace Cooperative, Section VIII, Inc.*, 698 F.Supp. 1058 (E.D.N.Y.1988), granted partial summary judgment for the Lowys and held that the 1974 resale policy, whether viewed standing alone or together with the 1976 policy, violated N.Y.Bus.Corp.Law § 501(c) (McKinney Supp.1989). The district court also granted partial summary judgment for the Co-op, holding that the Co-op could apply the 1976 resale policy and require the Lowys to pay the waiver of option fee. In upholding the validity of the

1976 policy, however, the court held that the Co-op could not lawfully insist on exercising its option to purchase the Lowys' shares, *see* 698 F.Supp. at 1064, unless the Lowys first refused to tender the waiver of option fee, *see id.,* at 1067. The court ordered entry of judgment pursuant to Fed.R.Civ.P. 57.

The Co-op appeals from the judgment of the district court. The Lowys have not appealed, and they have not contested that part of the district court's decision upholding the validity of the 1976 policy. They apparently have expressed a continuing willingness to abide by the 1976 policy and pay the waiver of option fee. *See* 698 F.Supp. at 1061; Br. of Appellee at 14.

With respect to the district court's holding the 1974 resale policy violative of N.Y. Bus.Corp.Law § 501(c), we affirm the judgment of the district court substantially for the reasons stated by the district court. *See* 698 F.Supp. at 1061–63, 1065–67.

At oral argument before this Court, the Co-op explained that it has adopted a policy of waiving its option to repurchase in cases where the selling shareholders are in good standing, but that it reserves the right to exercise that option in cases of shareholders not in good standing. The Co-op, disclaiming reliance on an argument made below concerning residency requirements, conceded that the Lowys are in good standing. Asked if, in the event of an affirmance by this Court, the Co-op might nevertheless seek to abandon its policy, refuse the Lowys' tender of the waiver of option fee and insist on exercising the long dormant right to repurchase the shares at book value, the Co-op said that it would not because to do so would be "arbitrary, discriminatory and unreasonable." This concession is binding on the Co-op. With respect to that part of the district court's decision holding that the Co-op may not insist on exercising its option to purchase the Lowys' shares, *see* 698 F.Supp. at 1064, we affirm.

We have reviewed the Co-op's final contention that the district court erred in failing to consider whether Imre and Esther Lowy are liable for the waiver of option fee allegedly owed by Adel Lowy, and find it to be without merit.